IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EARNEST JAMES,

        Plaintiff,

        vs.                            Case No. No. 05-1036-JTM

JO ANNE B. BARNHART, Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

       This social security action is before the court on the plaintiff Earnest James's Objections (Dkt. No. 17) to the Report and Recommendations (Dkt. No. 14) entered by the United States Magistrate Judge. James received supplemental security income benefits from 1989 to 1999, but the benefits were terminated because his condition improved. He again filed for benefits, but the Administrative Law Judge (ALJ) denied additional benefits on June 25, 2002. The Appeals Council returned the case to the ALJ to consider additional evidence. The ALJ then found that James suffered from a severe impairment, borderline intellectual functioning, but found that it did not meet the severity of a listed impairment and that James retained the ability to do light work. The ALJ ultimately concluded that James was disabled beginning July 16, 2002, but not before. The Magistrate Judge reviewed the evidence and found that the Commissioner's judgment should be affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

       Plaintiff's objection stresses the evidence produced from two consulting Ph.D. psychologists, Kerin Schell and T.A. Moeller, and argues that the ALJ failed to give sufficient weight to the reports

of Dr. Schell.  Specifically, the objection stresses the length of time Schell saw James (six hours), fails

to accurately describe James's ability to work, and suggests that the ALJ wrongly applied *Coleman v.*

*Chater*, 58 F.3d 577, 579 (10th Cir. 1995).  James argues that he meets or exceeds the listed

impairment found in Listing 12.05, which provides:

> Mental retardation refers to significantly sub-average general intellectual functioning
> with deficits in adaptive functioning initially manifested during the developmental
> period: i.e., the evidence demonstrates or supports onset of the impairment before age
> 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C,
> or D are satisfied.
>
> . . .
>
> C.      A valid verbal, performance, or full scale IQ of 60 through 70 and a physical
>         or other mental impairment imposing an additional and significant work-related
>         limitation of function[.]

20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.05.

The Report and Recommendation accurately sets forth the factual background of the case as

well as the legal standards governing the consideration of the plaintiff's appeal; those findings are

accordingly incorporated here.

The ALJ noted that Dr. Moeller, who tested James and found his IQ range between 60 and 70,

also found that he seemed to magnify his problems and that his past activities suggested the

concentration, persistence, and pace for simple, basic tasks.  James returned to work after Moeller's

evaluation.  An examination by Dr. Simmonds in August, 2000 indicated that James's low mental

functioning alone did not prevent him from working, but that with his other problems he "may indeed

be disabled."  (R. 566).  Dr. Hutchinson found James has borderline intellectual functioning, but that

he had severe limitations in only one of the eleven areas of adaptive functioning — academics.

Plaintiff's arguments in the Objection largely reiterate arguments previously made to and

rejected by the Magistrate Judge.  The Report and Recommendations correctly note that IQ scores in the 60-70 range are not sufficient to demonstrate retardation in the absence of additional deficits in adaptive functioning.  The ALJ explicitly articulated his reasons for discounting Dr. Schell's opinion, finding that he was neither a treating source nor a non-treating source. *Id.* These findings equate to a finding that Dr. Schell's opinions are the subjective evaluations of a non-treating, non-examining medical expert.

The Magistrate Judge correctly concluded that there was substantial evidence in the record to support the ALJ's decision to reject Dr. Schell's opinion.  As noted earlier, the findings of fact and conclusions of law in the Report and Recommendations are incorporated herein.  Coupled with the testimony from Dr. Hutchinson that James's limitations were only one deficit in adaptive functioning, the court finds that plaintiff has failed to show he is entitled to the relief sought.  The court finds the ALJ properly determined that James does not meet the diagnostic description of mental retardation because he did not show deficits in adaptive functioning.

IT IS ACCORDINGLY ORDERED this 27th day of March, 2006, that the decision of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g) .

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE